UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MASUDA RAHMATI,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.: 3:26-cv-3198-JAC

**ORDER GRANTING JOINT MOTION FOR ALLOWANCE OF FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

**[ECF No. 16]**

Before the Court is the parties' September 25, 2026, Joint Motion for Allowance of Fees and Costs Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (herein "Joint Motion"). ECF No. 16. Good cause appearing, and for the reasons stated below, the Joint Motion is **GRANTED**.

On May 22, 2026, Plaintiff filed this action against Defendant Frank Bisgnano, Commissioner of Social Security, for judicial review under 42 U.S.C. § 405(g) of a final adverse decision for social security disability benefits. ECF No. 1. The parties consented to Magistrate Judge jurisdiction on June 8, 2026. ECF No. 8. On July 31, 2026, this case was transferred from the Honorable Magistrate Judge Jill L. Burkhardt to the Honorable Magistrate Judge Janet A. Cabral. ECF No. 12. On August 13, 2026, the parties filed their

Joint Motion to Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and For Entry of Judgment ("Joint Motion to Remand"), wherein the parties asked the Court to reverse and remand this case "for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Upon remand, the Appeals Council will instruct the Administrative Law Judge to offer Plaintiff the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision." ECF No. 13. The parties additionally requested that the Court order the "Clerk of the Court be directed to enter final judgment in favor of Plaintiff, and against Defendant, reversing the final decision of the Commissioner." *Id.* The Court granted the parties' Joint Motion to Remand, ECF No. 14, and the Clerk entered a final judgment in favor of Plaintiff. ECF No. 15.

In their Joint Motion, the parties seek $4,205.00 in attorney's fees and $0.00 in costs. ECF No. 16. In the representation agreement Plaintiff signed on May 6, 2026, the Plaintiff agreed that if EAJA fees are awarded for hours expended in pursuit of EAJA fees, Plaintiff's attorney "shall be entitled to retain those EAJA fees, to the fullest extent allowed by law." ECF No. 16, Exhibit ("Exh.") B.

The EAJA allows a prevailing party to seek "an award of fees and other expenses" within thirty days of a final judgment. 28 U.S.C. § 2412(d)(1)(B). "'A sentence four remand becomes final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)). If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from. *See* Fed. R. App. 4(a)(1)(B). "A plaintiff who obtains a sentence four remand is considered a prevailing party for attorneys' fees." *Akopyan*, 296 F.3d at 854.

Four conditions must be met for the court to award EAJA attorneys' fees: "(1) the Plaintiff must be a prevailing party with a net worth of $2,000,000 or less at the time the action was filed; (2) an application for fees must be submitted to the Court within 30 days

of final judgment and include an itemized statement as required by 28 U.S.C. § 2412(d)(1)(B); (3) the defendant's position was not 'substantially justified;' and (4) no "special circumstances weigh in favor of denying an award." *Nguyen v. O'Malley*, [], 2-24 WL 4864189, at *2 (S.D. Cal. Nov. 19, 2024) (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154,

The Court finds that all four conditions have been met. Plaintiff is the prevailing party in this action. The Joint Motion for attorney's fees is timely and includes an itemized statement. ECF No. 16, Exh. A. Defendant's position was not substantially justified, and the stipulated amount of fees and expenses are reasonable. Therefore, the Court **GRANTS** the Joint Motion.

Plaintiff shall be awarded attorney fees in the amount of **$4,025.00** (four-thousand twenty-five dollars and zero cents) under the EAJA, 28 U.S.C. § 2412(d) and **$00.00** (zero dollars) in costs under 28 U.S.C. § 2412(a), in full satisfaction of any and all claims that may be payable to plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

Such award is made in full and final satisfaction (upon payment) of any and all claims under the EAJA for fees, expenses, and costs. Any fees paid belong to Plaintiff and not Plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel. Payment shall be sent to Plaintiff's counsel, **Jennifer L. Dunn, Esq. at 890 Winter Street, Suite 230, Waltham, MA 02451**.

**IT IS SO ORDERED**.

Dated: October 1, 2026

Janet A. Cabral

Hon. Janet A. Cabral
United States Magistrate Judge